IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:17CR40-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| ANTHONY LAMONT CALDWELL | ) | |

THIS MATTER is before the Court on the United States of America's Motion for Order of Forfeiture. The United States requests, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924, that this Court enter an Order of Forfeiture for the firearms that the United States contends were involved in the offenses in this case. For good cause shown and based on the preponderance of the evidence, this Court hereby GRANTS the Motion. In support of granting the Motion, the Court FINDS AS FOLLOWS:

**BACKGROUND**

On November 14, 2017, a Grand Jury returned a Superseding Bill of Indictment against Defendant, charging him with Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371; Bank Robbery, in violation of 18 U.S.C. § 2113; Possession of Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c); and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). All such charges stemmed from a December 9th robbery of a Wells Fargo bank branch after which law enforcement apprehended Defendant. The Grand Jury also found probable cause for forfeiture of currency[1] seized during the apprehension

---

[1] The United States advises that the seized cash will or has been returned to the victim bank and is not identified for forfeiture in this Motion.

of Defendant as well as the following two firearms seized from his vehicle:

- **One Rohm, model RG24, .22 caliber revolver bearing serial number 35964 and ammunition; and**

- **One Harrington & Richardson, model 650, .22 caliber revolver bearing serial number AR90120 and ammunition.**

Defendant elected a jury trial on the criminal charges and a Jury returned Verdicts (Doc. 121) of guilt on all charges. Defendant did not elect a jury on forfeiture. Therefore, the matter of forfeiture is ripe for disposition by this Court.

## LEGAL CONCLUSIONS

Title 18 U.S.C. § 924(d) and Fed. R. Crim. P. 32.2(b)(1) provide for preliminary forfeiture, pending petitions by third parties, of any firearms and ammunition involved in any violation of any criminal law of the United States, including the violations on which the Jury returned Verdicts of guilt in this case. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Here, the preponderance standard is easily satisfied.

Specifically, as set forth in the trial testimony and exhibits in this matter, Defendant provided to co-conspirators both the Rohm and H&R firearms used during the course of the robberies set forth in the Superseding Indictment, and law enforcement seized the firearms from the vehicle that Defendant was driving. The Government submits that such evidence, along with the Verdict, are more than sufficient to establish by a preponderance of the evidence that the

firearms were involved in the crimes of which Defendant was convicted. The Court agrees.

It is, therefore ORDERED:

1. Based upon Defendant's convictions, the trial evidence, and the Verdict, the United States is authorized to take and maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

- **One Rohm, model RG24, .22 caliber revolver bearing serial number 35964 and ammunition; and**

- **One Harrington & Richardson, model 650, .22 caliber revolver bearing serial number AR90120 and ammunition.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third parties file petitions within the time provided by law, then this Order shall become final by operation of law.

SO ORDERED this, the 29 day of November, 2018.

_____
HON. MAX O. COGBURN
UNITED STATES DISTRICT COURT JUDGE