UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-40-MOC

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| ANTHONY LAMONT CALDWELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 171, 172). The Government opposes Defendant's motion. (Doc. No. 175).

## I. Background

In November 2017, a federal grand jury charged Defendant by superseding indictment with conspiracy to commit armed bank robbery, 18 U.S.C. § 371; armed bank robbery, 18 U.S.C. § 2113(d); possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 924(c). (Doc. No. 23). A jury found Defendant guilty of all four offenses. (Doc. No. 121). Defendant faced a mandatory consecutive sentence of 84 months imprisonment for the § 924(c) firearm offense, a statutory maximum of 60 months imprisonment for the conspiracy offense, and, due to his armed career criminal status, a mandatory-minimum sentence of 15 years for his felon-in-possession offense. (Doc. No. 134). This Court ultimately sentenced Defendant to an aggregate sentence of 284 months imprisonment. (Doc. No. 142).

Defendant now asks the Court to reduce his sentence under 18 U.S.C. § 3582.

## II. Legal Standard

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after

considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A) also requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Sentencing Commission's policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in <u>United States v. McCoy</u> that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

### III. Discussion

The Court will deny Defendant's motion for compassionate release for four reasons. First, Defendant has failed to show that he has exhausted his administrative remedies by first asking the Bureau of Prisons to grant him compassionate release, as Defendant is required to do by statute before moving for sentence reduction in this Court. See 18 U.S.C. § 3582(c)(1)(A).

Second, Defendant has failed to show that any extraordinary and compelling reasons justify granting his motion for compassionate release. Defendant claims that his motion is supported by recent hospitalization related to a stroke. (Doc. No. 171). But, as the Government notes, Defendant's medical records do not reflect recent hospitalization or stroke. (Doc. No. 175). Moreover, Defendant offers no evidence that he suffers from a medical condition that "substantially diminishes" his ability "to provide self-care and from which he is not expected to recover" or "a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death." See U.S.S.G. § 1B1.13(b)(1).

Third, Defendant is not serving "stacked" § 924(c) sentences. (Doc. No. 171). Moreover, considering Defendant's violent offenses and extensive criminal history, Defendant's current sentence is not "unusually long" for the purposes of his § 3582(c)(1)(A) motion.

Fourth, and finally, the sentencing factors articulated at 18 U.S.C. § 3553(a) weigh against granting discretionary sentencing relief for Defendant. Defendant has a long and violent criminal history. The offense conduct for which he is currently imprisoned is likewise violent. Defendant has committed 11 disciplinary infractions while in Bureau of Prisons custody, including an infraction for fighting in May of last year, and for possession of a dangerous weapon. (Doc. No. 175 Ex. 1). Considering Defendant's violent criminal history, violent offense

conduct, and violent disciplinary infractions while imprisoned, the Court finds that Defendant has not shown that he no longer poses a threat to the community.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582, (Doc. No. 171), is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr
United States District Judge